DECISION AND JUDGMENT ENTRY
This cause is before the court on appeal from a judgment of the Erie County Court of Common Pleas wherein appellant, Edward Duane Brewer, pled guilty to one count of sexual battery. The court imposed a maximum sentence of five years. Appellant asserts the following assignments of error:
 "THE TRIAL COURT ERRED BY DENYING APPELLANT'S MOTION TO WITHDRAW THE PLEA OF NOT GUILTY WITHOUT CONDUCTING A FULL AND FAIR HEARING ON THE MOTION."
 "THE TRIAL COURT ERRED WHEN IT SENTENCED APPELLANT TO THE MAXIMUM ALLOWABLE SENTENCE WITHOUT MAKING THE REQUIRED FINDINGS AS PROVIDED FOR IN OHIO REVISED CODE SECTION 2929.14(C)."
 "THE TRIAL COURT ERRED BY NOT GRANTING APPELLANT'S REQUEST FOR NEW COUNSEL PRIOR TO HIS PLEA RENDERING HIS PLEA INVOLUNTARY."
 "APPELLANT RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL BOTH DURING THE PLEA HEARING AND DURING HIS ATTEMPT TO WITHDRAW HIS PLEA."
On June 14, 1999, appellant was indicted by the Erie County Grand Jury on one count of rape, in violation of R.C. 2907.02(A)(1)(c), a felony of the first degree, and one count of sexual battery, a violation of R.C.2907.03(A)(2), a felony of the third degree. The charged offenses allegedly occurred on June 27, 1998. Appellant was appointed counsel and initially entered pleas of not guilty to both charges. Appointed counsel later withdrew from the case due to a conflict of interest; therefore, on September 13, 1999, Attorney Krieg Brusnahan was appointed to represent appellant.
On November 17, 1999, the day that trial was to commence, appellant withdrew his pleas of not guilty to both offenses, the state dismissed the charge of rape and appellant entered a plea of guilty to sexual battery. However, prior to entering his plea, appellant asked the court for a different attorney. He claimed that Brusnahan was not representing appellant "to the best of his ability."
Appellant maintained that his attorney discussed the case with him on only one occasion and that Brusnahan "wants me to plead guilty already, to something, I don't know what. And I'm not guilty." Appellee then explained that after full discovery in this case, the state, with the consent of the victim's family, decided to offer appellant the opportunity to plead guilty to the sexual battery charge and the imposition of a four year prison sentence. According to the prosecutor and Brusnahan, this offer was extended several times to appellant, even on occasions prior to the time that Brusnahan was appointed as appellant's attorney. Appellant denied that he ever was offered the four year sentence. Brusnahan stated that of three scheduled meetings, appellant only attended one. Brusnahan told the judge that he spent forty-five minutes at that meeting discussing appellant's case. At that point, the trial judge suggested that appellant and his attorney take some time to discuss the matter.
When court reconvened, the trial judge asked appellant whether he still did not want Brusnahan as his attorney. He replied, "I've changed my mind." Appellant also indicated that he wanted to enter a plea of guilty to the charge of sexual battery in return for the dismissal of the charged offense of rape. At that point, the trial judge engaged in a dialogue with appellant addressing all of the requirements of Crim.R. 11 necessary to a determination of whether his guilty plea was knowing, voluntary and intelligent. Upon making such a determination, the court accepted the plea. Appellant also executed a written entry of his guilty plea. Appellee dismissed the charge of rape.
After accepting the plea, the court turned to determining bond. In doing so, the court and appellant's trial counsel both mentioned that the victim was deceased and that appellant's release on bond prior to sentencing would therefore not pose a threat to her. At appellant's sentencing hearing, the victim's sister informed the court that the victim died in October 1998, several months before appellant was indicted.
At that hearing, appellant immediately asserted that he wanted to withdraw his guilty plea. Appellant stated that he called Brusnahan, told him that he wanted to appeal and that Brusnahan did not do so. Brusnahan told the court that he tried to make appellant understand that he could not appeal his conviction until after he was sentenced. The attorney also stated that he asked appellant whether he wanted to withdraw his guilty plea and that appellant replied that he was not sure whether he wanted to or not. Brusnahan noted that the law looks with favor on the request to withdraw a guilty plea prior to sentencing, but he failed to raise any grounds upon which his client could base such a motion.
The trial judge informed appellant that "* * * [Y]ou just can't withdraw a guilty plea. You have to have a legal reason for doing so and the law is very strict on those reasons." Appellant then claimed that the plea agreement was supposed to include only a four year sentence, that he did not know anything about sexually oriented offender status and that he did not "understand any of it." The prosecutor argued that the court satisfied Crim.R. 11 at the guilty plea hearing and that it was made clear to appellant, both verbally and on the written guilty plea, that the state would seek the imposition of a five year sentence. The court denied appellant's request, finding that he failed to set forth a "legal basis" for the withdrawal of his guilty plea. The court then went on to impose the maximum sentence possible for a third degree felony under R.C. 2929.14(A)(3) and appointed counsel for appellant for the purpose of appeal.
In his first assignment of error, appellant contends that the trial court erred in denying his motion to withdraw his guilty plea without a full and fair hearing on the motion. We agree. While neither the criminal rule nor State v. Xie (1992), 62 Ohio St.3d 521, require a separate evidentiary hearing in every case where a defendant requests the withdrawal of his guilty plea, see State v. Mosby (Sept. 18, 2000), Butler App. No. CA2000-04-059, unreported, the court's misstatement of the law in this case precluded appellant from having a fair and full consideration of his motion.
Crim.R. 32.1 provides that "a motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed * * *." In general, a motion to withdraw a guilty plea filed before sentencing will be freely and liberally granted. State v. Xie, 62 Ohio St.3d at 527. However, a defendant does not have an absolute right to withdraw a guilty plea prior to sentencing. Id. at paragraph one of the syllabus. Rather, a court must conduct a hearing in order to determine whether there is a reasonable and legitimate basis for the withdrawal of the guilty plea. Id.
Here, the standard voiced by the trial court is much stricter than the one set forth in the preceding paragraph. That is, a standard requiring a "legal reason" or "legal basis" subject to strict application of the law is not the equivalent of a "reasonable or legitimate basis" that is freely and liberally granted. Thus, the trial court erred as a matter of law in determining appellant's motion to withdraw his guilty plea. Furthermore, in holding appellant to the higher standard, the trial judge prevented herself from conducting a fair and full hearing on his motion. Therefore, appellant's first assignment of error is found well-taken.
In his second assignment of error, appellant urges that the trial court erred in sentencing him to the maximum allowable sentence without making the findings required by R.C. 2929.14(C). Again, we must agree.
R.C. 2929.19, reads, in relevant part:
 "(A)(1) The court shall hold a sentencing hearing before imposing a sentence under this chapter upon an offender who was convicted of or pleaded guilty to a felony and before resentencing an offender who was convicted of or pleaded guilty to a felony * * *.
If a trial court imposes the maximum sentence for a particular felony, it is required to make the finding that the defendant committed the worst form of the offense, that he or she posed the greatest likelihood of committing future crimes or that the maximum sentence is required by law. R.C. 2929.14(C); State v. Walk (Dec. 29, 2000), Erie App. No. E-97-079, unreported. "When the court makes such a finding, R.C.2929.19(B)(2)(d) also requires that the court state its reasons for imposing the maximum sentence." State v. Walk, supra, citing State v.Edmondson (1999), 86 Ohio St.3d 324, 328.
R.C. 2929.14(A)(3) lists five years, the sentence imposed on appellant, as the maximum penalty for a felony of the third degree. Therefore, the trial court in this case was required to expressly make one of the findings enumerated in R.C. 2929.14(C). While the trial court did state some reasons from the bench that might form the basis for finding that appellant committed the worst form of the offense, the record is devoid of such a finding and of either of the other two mandated findings. Consequently, because the trial court failed to set forth the prerequisites for the imposition of a maximum sentence, appellant's second assignment of error is found well-taken.
In his fourth assignment of error, appellant contends that he was provided with ineffective assistance of counsel during the plea hearing and when he attempted to withdraw his plea.
To prevail on a claim of ineffective assistance of counsel as it relates to the entry of a guilty plea and a motion to withdraw a plea of guilty, an appellant must demonstrate that counsel's performance was deficient and that, but for counsel's deficient performance, he would not have entered a guilty plea. Hill v. Lockhart (1985), 474 U.S. 52, 59;State v. Xie, 62 Ohio St.3d at 524. See, also, Strickland v. Washington
(1984), 466 U.S. 668. The key to determining whether counsel was ineffective "is whether counsel provided incorrect advice to the defendant, which, in turn, induced the guilty plea entered by the defendant." State v. Mushrush (1999), 135 Ohio App.3d 99, 106.
In the present case, none of the arguments set forth by appellant serve as a basis for establishing that the alleged errors induced appellant into entering his guilty plea. Nonetheless, we conclude that, under the doctrine of plain error, see Crim.R. 52(B), trial counsel's performance was defective and that this defect affected the outcome of this case.State v. Long (1978), 53 Ohio St.2d 91, 97. In particular, Brusnahan knew that the victim of the alleged rape was deceased thereby weakening the state's case or, if no other witnesses were available, rendering the state's case unprovable. Because of this knowledge, and the absence of any corroborating evidence of the charged offenses in the record of this cause, it appears that Brusnahan, in urging his client to accept the prosecution's offer, provided him with incorrect advice which induced appellant to enter his plea of guilty. Further, trial counsel then failed to raise this issue as a legitimate ground for the withdrawal of appellant's guilty plea. These omissions in counsel's performance were prejudicial to appellant. Thus, we are compelled to find that appellant was denied effective assistance of counsel. Accordingly, appellant's fourth assignment of error is found well-taken.
Due to our disposition of appellant's fourth assignment of error, we need not reach the merits of appellant's third assignment of error and the same is, hereby, found moot.
On consideration whereof, the judgment of the Erie County Court of Common Pleas is reversed, and this cause is remanded to said court for further proceedings consistent with this judgment. Appellee is ordered to pay the costs of this appeal.
JUDGMENT REVERSED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Melvin L. Resnick, J., Mark L. Pietrykowski, P.J., CONCUR.
Richard W. Knepper, J., Concurs And Writes Separately.